**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMY KUSH,** : | |
|     **Plaintiff** : | **CIVIL ACTION NO. 3:18-1483** |
|     **v.** : | **(JUDGE MANNION)** |
| **BAYVIEW LOAN SERVICING,** : *et al.*, | |
|      : | |
|     **Defendants** | |

# MEMORANDUM

## I. BACKGROUND

On July 26, 2018, plaintiff Amy Kush filed, *pro se,* a complaint alleging violations of her constitutional rights under 42 U.S.C. §1983, against defendants Bayview Loan Servicing, the Law Firm of McCabe, Weisberg & Conway, the Luzerne County Sheriff, the Court of Common Pleas of Luzerne County, Pennsylvania, and the Wilkes-Barre General Hospital, regarding a Luzerne County Court mortgage foreclosure action. (Doc. 1). Plaintiff paid the filing fee. Plaintiff states that she is the owner of real property located at 258 Frederick Street, Kingston, Pennsylvania, and indicates that her property is scheduled for a Sheriff's sale on August 3, 2018.

Plaintiff styles her action as a "Complaint for Declaratory and Injunctive Relief and for Damages." Plaintiff alleges that the sale of her property is proceeding in violation of her due process rights since Bayview failed to provide proof that it is the lawful holder of her loan, proof of the amount she allegedly owes on it and proof of her alleged default, despite her demands for

such proof. Plaintiff states that even though she objected to the mortgage foreclosure action, the Luzerne County Court granted Bayview judgment which has led to her property being scheduled for the upcoming Sheriff's sale. Plainitff also states that she objected to the mortgage foreclosure action in the Luzerne County Court and alleged that the action was "based upon her gender" and her "choice of occupation as mom." Thus, plaintiff claims that she is being deprived of her property without due process and that she is being "denied the equal protection of the laws" in violation of the 4th and 14th Amendments. Plaintiff also alleges that after she notified the defendants that her rights were being violated by letter dated May 23, 2018, "the sheriff had her picked up on a mental health warrant [under Pennsylvania law]" and, she was held against her will for 20 days and forced to take drugs. As such, plaintiff also raises a First Amendment retaliation claim against defendants.

Plainitff seeks the court to declare that the defendants violated her constitutional rights, and she requests injunctive relief to prevent the sale of her property, as well as compensatory and punitive damages. Since plainitff essentially seeks an injunction to prevent the August 3, 2018 sale of her property, this case was referred to the undersigned as an emergency matter.

The court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343(a) because plaintiff avers violations of her constitutional rights under the First, Fourth and Fourteenth Amendments of the U.S. Constitution. Venue is appropriate in this court since the alleged constitutional

2

violations occurred in this district and all parties are located here. *See* 28 U.S.C. §1391.

After reviewing plaintiff's complaint, the court will deny plaintiff's request for immediate injunctive relief. The court will dismiss plaintiff's due process claims with prejudice for lack of jurisdiction. The court will, however, allow plainitff to amend her complaint regarding only her Fourteenth Amendment equal protection claim and her First Amendment retaliation claim since her original complaint fails to state cognizable claims.

## II. STANDARDS

### A. Section 1983

To state a claim under section 1983, a plaintiff must meet two threshold requirements: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

"A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing *Rode*). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

### B. Injunctive Relief

The grant of injunctive relief, including preliminary injunctive relief, is an extraordinary remedy and it should only be granted in limited circumstances. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994) (quoting *Frank's GMC Truck Cent., Inc. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988)) (alterations in original). The court's ultimate decision to deny a preliminary injunction is discretionary, though legal and factual determinations will be reviewed according to their normal standard. *See* Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 156 (3d Cir. 2002).

In order to obtain a preliminary injunction, the moving party must demonstrate the following:

> (1) the likelihood that the plaintiff will prevail on the merits at final hearing; (2) the extent to which the plaintiff is being irreparably harmed by the conduct complained of; (3) the extent to which the defendant

> will suffer irreparable harm if the preliminary injunction
> is issued; and (4) the public interest.

*Id*. at 1427 (quoting *Merchants & Evans, Inc. v. Roosevelt Bldg. Prods.*, 963 F.2d 628, 623–33 (3d Cir. 1992)). More specifically, the third prong requires a balancing of harms between the plaintiff and the defendant and a finding that the balance favors the plaintiff's request for relief. *See Issa v. Sch. Dist. of Lancaster*, 847 F.3d 121, 131 (3d Cir. 2017).

"The injunction should issue only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *Id*. Moreover, it is only if the first two prongs are satisfied that the court must inquire into the final two factors. *Tenafly,* 309 F.3d at 157. Thus, "a failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *In Re Arthur Treacher's Franchise Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982). However, if a plaintiff proves the first two requirements, it will almost always be the case that the public interest favors preliminary relief, *Issa,* 847 F.3d at 143, leaving the crux of the matter to the balance of competing interests.

## III. DISCUSSION

Plaintiff claims that her constitutional rights under the Fourth and Fourteenth Amendments were violated by the taking of her property without

5

due process.[1] She also asserts a Fourteenth Amendment equal protection claim and a First Amendment retaliation claim.

As discussed above, the alleged facts indicate that Bayview obtained a mortgage foreclosure judgment against plaintiff in Luzerne County Court. Plaintiff states that the Luzerne County Court granted Bayview summary judgment over her objections that it failed to prove that it held her mortgage loan and that she defaulted on the loan. Plaintiff seeks injunctive relief in the form of an order barring the foreclosure sale of her Luzerne County property by the Sheriff. As stated, the sale is allegedly scheduled for August 3, 2018.

The court finds that plaintiff has not shown a likelihood of success on the merits since she has adequate state court remedies to challenge the foreclosure judgment issued by the Luzerne County Court as well as the upcoming foreclosure sale of her property. Further, if her property is sold by the Sheriff, plaintiff has remedies available to her in state court to challenge the Luzerne County Sheriff's Deed. Pennsylvania Rule of Civil Procedure 3132 allows a party to set aside a sale. This procedure is "grounded in equitable principles and is addressed to the sound discretion of the hearing

---

[1]"The seizure of property implicates two explicit textual sources of constitutional protection, the Fourth Amendment and the Fifth." U.S. v. James Daniel Good Real Prop., 510 U.S. 43, 50, 114 S.Ct. 492 (1993) (the court noted that the Fourth Amendment applied to the seizure of a four-acre parcel of land with a house); Soldal v. Cook County, Illinois, 506 U.S. 56, 70, 113 S.Ct. 538 (1992) (court held that a "seizure ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property'"). Plaintiff's claims under the Fourth Amendment are applicable to the actions of the state via the Fourteenth Amendment.

6

court." *Kaib v. Smith*, 684 A.2d 630, 631 (Pa. Super. Ct. 1996). If the judgment entered is void, the sale will also be declared void. *Harris v. Harris*, 239 A.2d 783, 784–85 (Pa. 1968). In addition, a sale may be set aside where there are irregularities and deficiencies in the sale, including defects in advertisement. *See Hampton v. Swan*, 109 A. 674 (Pa. 1920); *Allegheny Cty. v. Golf Resort, Inc.*, 974 A.2d 1242, 1246 (Pa. Commw. Ct. 2009). Thus, to deem the harm of the sale "irreparable" at this stage of the case would ignore the post-deprivation safeguards, in addition to the pre-deprivation safeguards, provided to the plaintiff under Pennsylvania law.

The plaintiff will be able to file motions in state court to set aside the Sheriff's sale and to strike the Sheriff's Deed conveying her property to a buyer. *See* Jung Yun v. Bank of America, N.A., 2016 WL 7324554 (M.D.Pa. Dec. 16, 2016); Gangoo v. Federal Home Loan Mortgage Corporation, 2017 WL 679972 (M.D.Pa. Feb. 21, 2017). Additionally, plainitff can also appeal the foreclosure judgment entered by the county court to the Pennsylvania Superior Court. Id. Plaintiff does not indicate if she availed herself of any of the state court remedies to challenge the foreclosure judgment and, she does not allege that these remedies are somehow inadequate or ineffective.

Since plaintiff has adequate available state court remedies to challenge the mortgage foreclosure judgment issued, to challenge the order permitting the foreclosure sale of her property, as well as the Sheriff's sale by filing an appeal, she fails to state due process claims. *See* Jung Yun, 2016 WL

7

7324554; Gangoo, 2017 WL 679972.

As discussed below, the court also finds it lacks subject matter jurisdiction over plaintiff's case insofar as she seeks to enjoin the Sheriff's sale and, that Pennsylvania's claim preclusion doctrine bars her claims challenging the mortgage foreclosure judgment which further demonstrate that plaintiff does not have a likelihood of success on the merits.

Additionally, plaintiff has not shown immediate irreparable harm since monetary damages would be adequate to compensate her if, for some reason, the foreclosure sale of her property was invalidated.

Thus, plaintiff's complaint, to the extent it is construed as a request for an emergency injunction to prevent the August 3, 2018 Sheriff's sale of her property, will be **DENIED**.

Additionally, the court finds it lacks subject matter jurisdiction over the plaintiff's due process claims challenging the foreclosure judgment and the Sheriff's sale filed pursuant to 28 U.S.C. §1331. The court can raise *sua sponte* subject matter jurisdiction issues. *See* Nesbit v. Gears Unlimited, Inc. 347 F.3d 72, 77 (3d Cir. 2003). Some of plaintiff's claims clearly relate to the foreclosure action Bayview filed as well as the judgment entered against her and the order allowing the Sheriff's sale issued by the Luzerne County Court. Essentially, she invites this court to conduct appellate review of the Orders, Writs and Judgment issued against her in the Luzerne County Court of Common Pleas. This court, a federal district court, does not have jurisdiction

8

to review such state court final actions under the *Rooker-Feldman* doctrine. *See* Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972. The court finds that the doctrine applies to plainitff's due process claims since she is seeking, in part, redress for injuries caused by the state court judgment and these claims stem directly from the Luzerne County Court's foreclosure judgment and the resulting Sheriff's sale. Thus, this court would have to determine that the Luzerne County Court's judgment was erroneously entered in order to grant plaintiff the relief she seeks and it would have to take an action that would negate this judgment.

The *Rooker-Feldman* doctrine "is a judicially-created doctrine that bars lower federal courts from reviewing certain state court actions." Goodson v. Maggi, 797 F.Supp.2d 587, 597 (W.D.Pa. 2011). The doctrine arose in the wake of two Supreme Court Cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and stands for the proposition that

> a United States District Court has no subject matter jurisdiction to review final judgments of a state court, because only the Supreme Court has jurisdiction to review state court judgments under 28 U.S.C. §1257. *Goodson*, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 482). . . . "This doctrine applies even where the challenges to the state court judgment allege that the state court's action was unconstitutional, such as a deprivation of due process and equal protection rights." *Goodson*, 797 F.Supp.2d at 597 (citing Feldman, 460 U.S. at 485-86 (citation omitted)).

Conklin v. Anthou, No. 1:10-CV-2501, 2012 WL 124989, at *2 (M.D. Pa. Jan. 17, 2012), *aff'd*, 495 F. Appx. 257 (3d Cir. 2012). There are four factors that

9

must be satisfied for the *Rooker-Feldman* doctrine to apply:

> (1) the federal plaintiff lost in state court;
> (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments";
> (3) those judgments were rendered before the federal suit was filed; and
> (4) the plaintiff is inviting the district court to review and reject the state judgments.

Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

Here, the plaintiff complains about an adverse foreclosure judgment from state court, as well as the August 3, 2018 Sheriff's sale of her property. Next, the plainitff's allegations clearly qualify, in part, as a complaint about the potential "irreparable" injury that the state court decision and orders will cause. Plaintiff appears to claim that the state court mortgage foreclosure proceedings were invalid and that the Luzerne County Court should not have entered judgment against and allowed the Sheriff's sale. All the requirements for the *Rooker-Feldman* doctrine are satisfied pertaining to these claims, and this court, therefore, does not have subject-matter jurisdiction over the plaintiff's stated claims. *See* Kawh v. PHH Mortgage Corp., 2016 WL 7163086 (E.D.Pa. Feb. 2, 2016) ("[The court] may not revisit the state court determinations underlying Plaintiff's instant Complaint nor may [it] interfere with Plaintiff's pending state court appeals.")(citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192-93 (3d Cir. 2006) ("[I]f a plaintiff's claim in

federal court is inextricably intertwined with a previous state court adjudication, the district court lacks jurisdiction over the claim even if it was not raised in the state court."); Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed.Appx. 149, 153 (3d Cir. 2008) ("[T]o the extent that [Plaintiff] seeks to 'appeal from' the state court's foreclosure judgment, the District Court correctly dismissed the claim under Rooker-Feldman."); Reiter v. Washington Mut. Bank, 2011 WL 2670949 (E.D.Pa. July 5, 2011), *aff'd* 455 Fed.Appx. 188 (3d Cir. 2011)("The Rooker–Feldman doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'")(citations omitted); Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972. *See also* Wardi v. Steven & Eisenberg, 248 F.Supp.3d 651 (E.D.Pa. 2017) ("Pursuant to the *Rooker–Feldman* doctrine the Court lacks jurisdiction over any of plaintiff's claims seeking review and rejection of the judgment in the foreclosure proceeding.") (citation omitted).

To the extent plaintiff is also deemed as seeking to relitigate the foreclosure action instituted against him in Luzerne County Court by Bayview alleging, in part, that it was not the proper holder of the mortgage and note and, that it failed to provide proof of her default, these claims are not barred by *Rooker-Feldman* but they are prohibited by Pennsylvania's preclusion doctrine. *See* Moncrief, 275 Fed.Appx. at 153. "Federal courts are required to give state court judgments the same preclusive effect that the issuing state

courts would give them." Id. (citation omitted); Easley v. New Century Mortg. Corp., 394 Fed.Appx. 946, 948 (3d Cir. 2010)("In Pennsylvania, res judicata bars 'claims that were or *could have been raised*'")(citation omitted)(emphasis original). In Easley,394 Fed.Appx. at 948, the Third Circuit held that plaintiff's claim was "based on allegations related to her mortgage, including events leading up to its execution, and events leading up to and including the foreclosure" and that it was barred under res judicata. As the Third Circuit stated in Moncrief, 275 Fed.Appx. at 153, Pennsylvania's claim preclusion is:

> a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action. Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action. [Claim preclusion] applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action. (citation omitted).

As in *Moncrief*, plainitff's claims regarding the legality of the Luzerne County foreclosure action, as detailed above, "are predicated on the same underlying transaction (the mortgage agreement) that was the basis of the foreclosure action". Id. (citation omitted). Further, "[e]ven if [Kush] had no reason to know of facts underlying a fraud claim before the foreclosure action was commenced, the foreclosure action itself would have put [her] on notice that something was amiss with [her] mortgage." Id. (citing Pa.R.Civ.P. 1147). Thus, plaintiff's claim that the foreclosure action was somehow illegal, as specified above, "is precluded because it is based on the same transaction

as the foreclosure action, and [she] could have raised it in that action." Id. at 154 (citation omitted); Gangoo, 2017 WL 679972.

Additionally, insofar as plaintiff appears to claim that the assignment of the mortgage and note to Bayview were not proper "is also precluded because [she] could have raised this issue as a defense to, or 'new matter' in, the foreclosure action." Moncrief, 275 Fed.Appx. at 154.

Moreover, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case. *See* Jung Yun, 2016 WL 7324554; Gangoo, 2017 WL 679972. The Anti-Injunction Act deprives federal district courts the ability to "grant an injunction to stay proceedings in a State court." §2283. There are three narrow exceptions that allow a federal court to grant equitable relief, but the court finds that all three are inapplicable to the present case. *See Reiter, supra*. Because the court lacks jurisdiction to hear the plaintiff's stated claims and also lacks authority to grant the relief that the plaintiff requests with respect to these claims, her request for injunctive relief preventing the August 3, 2018 Sheriff's sale will be denied. *See* Wardi, 248 F.Supp.3d at 654 n. 2.

As such, the plaintiff's due process claims in her complaint will be **DISMISSED WITH PREJUDICE** since the court lacks jurisdiction over them.

Next, to the extent the plaintiff seeks declaratory judgment that the defendants violated her constitutional rights, plaintiff is not entitled to declaratory relief that defendants' past conduct violated her constitutional

rights. No doubt that declaratory judgment is not meant to adjudicate alleged past unlawful activity. However, there is no question that plaintiff can request declaratory relief to remedy alleged ongoing violations of her constitutional rights. *See* [Blakeney v. Marsico, 340 Fed.Appx. 778, 780 (3d Cir. 2009)](Third Circuit held that to satisfy the standing requirement of Article III, a party seeking declaratory relief must allege that there is a substantial likelihood that she will suffer harm in the future)(citations omitted).

Thus, the plaintiff is not entitled to declaratory relief that defendants violated her rights in the past as she alleges. Id. (citing Brown v. Fauver, 819 F.2d 395, 399-400 (3d Cir. 1987)(Third Circuit directed district court to dismiss plaintiff's §1983 claim for prospective relief where he "has done nothing more than allege past exposure to unconstitutional state action"). In this case, it is not clear if the plaintiff has alleged any ongoing violations of her constitutional rights. As such, plaintiff's request for declaratory judgment is presently subject to dismissal but she will be permitted to file an amended complaint to clarify this request for relief.

The court also finds that defendant Court of Common Pleas of Luzerne County is subject to dismissal with prejudice since it is entitled to Eleventh Amendment Immunity. Luzerne County Court of Common Pleas "is a part of the Commonwealth's unified judicial system." Green v. Domestic Relations Section Court of Common Pleas Compliance Unit Montgomery County, 2015 WL 1641391, *4 (E.D.Pa. April 9, 2015). "The Third Circuit Court of Appeals

has further recognized that '[t]he Commonwealth vests judicial power in a unified judicial system, and all courts and agencies of the [unified judicial system] are part of the Commonwealth government rather than local entities' and that 'Pennsylvania's judicial districts ... are entitled to Eleventh Amendment immunity.'" Id. (citing Haybarger v. Lawrence County Adult Probation and Parole, 551 F.3d 193, 198 (3d Cir. 2008)). Additionally, "all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes." Id. (quoting Callahan v. City of Philadelphia, 207 F.3d 668, 674 (3d Cir. 2000)).

Additionally, private entities, such as the Bayview Loan Servicing, the Law Firm of McCabe, Weisberg & Conway, which allegedly is a professional corporation which represented Bayview in the foreclosure action against plaintiff, and the Wilkes-Barre General Hospital, are not state actors for purposes of §1983. "Only persons acting under the color of state law [ ] can be held liable for constitutional violations under §1983." Hynoski v. Columbia County Redevelopment Authority, 941 F.Supp.2d 547, 560 (M.D.Pa. 2013). "In order to come within the purview of §1983 liability, plaintiff must show that [the stated] defendants acted under color of state law by pointing to some action, undertaken by them, that is 'fairly attributable' to the state." Id. at 562 (citations omitted). In order to accomplish this, a plaintiff "must show (1) that the defendants' acts were 'the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for

15

whom the State is responsible' and (2) that the defendants may fairly be said to be state actors." Id.

Moreover, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." Id. (citations omitted). "Thus, private attorneys cannot be held liable under §1983 for unilateral actions which they took on behalf of their clients as their private attorneys." Id.

As such, the plainitff has not sufficiently alleged how the private law firm defendant is liable under §1983. *See id.*

Nor has the plaintiff properly stated how Bayview Loan Servicing and the Wilkes-Barre General Hospital, private entities, are liable under §1983. "A private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts 'under color of state law' for purposes of §1983." Id. (citations omitted). Plainitff's complaint is completely void of any proper allegations to state a conspiracy between these private entities "sufficient to cloak [them] with the 'color of state law.'" Id.

Since the plaintiff fails to properly allege how any of the private defendants are state actors for purposes of §1983, these defendants are subject to dismissal from this case. *See id.*

The court also finds that plaintiff fails to sufficiently allege the personal involvement of Sheriff Brian Szumski with respect to her constitutional claims as required. *See Sutton supra*.

Further, plainitff fails to state a cognizable First Amendment retaliation claim in her complaint against any defendant. In Hynoski, 941 F.Supp.2d at 565, the court stated that "[a] §1983 claim predicated on a First Amendment retaliation theory requires plaintiff to show that (1) [s]he engaged in protected activity, (2) defendants' retaliatory action was sufficient to deter a person of ordinary firmness from exercising h[er] rights; and (3) there was a causal connection between the protected activity and the retaliatory action." (citations omitted).

Moreover, plainitff fails to state a cognizable equal protection claim in her complaint. "A traditional Fourteenth Amendment equal protection claim requires plaintiffs to plead, among other things, that they are members of a protected class or group." Hynoski, 941 F.Supp.2d at 566. Here, plainitff simply alleges that she was subjected to discrimination due to her gender and due to her "choice to [be a] mom."

Plaintiff's equal protection claim is brought against the defendants under §1983. Equal protection claims typically concern governmental classifications that "affect some groups differently than others." Engquist v. Oregon Dept. Of Ag., 553 U.S. 591, 601 (2008) (citing McGowan v. Maryland, 366 U.S. 420, 425 (1961)). It is well-settled that a litigant, in order to establish a viable equal protection claim, must show an intentional or purposeful discrimination. Snowden v. Hughes, 321 U.S. 1, 8 (1944); Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986); E & T Realty v.

Strickland, 830 F.2d 1107, 1113-14 (11th Cir. 1987), cert. denied, 485 U.S. 961 (1988); see also Bierley v. Grolumond, 174 Fed.Appx. 673, 676 (3d Cir. 2006) ("To bring a successful equal protection claim under §1983, a plaintiff must prove the existence of purposeful discrimination, and demonstrate that [s]he was treated differently from individuals similarly situated."). This "state of mind" requirement applies equally to claims involving (1) discrimination on the basis of race, religion, gender, alienage or national origin, (2) the violation of fundamental rights and (3) classifications based on social or economic factors. *See, eg.*, Britton v. City of Erie, 933 F. Supp. 1261, 1266 (W.D. Pa. 1995), aff'd, 100 F.3d 946 (3d Cir. 1996); Adams v. McAllister, 798 F. Supp. 242, 245 (M.D. Pa.), aff'd, 972 F.2d 1330 (3d Cir. 1992).

## IV. CONCLUSION

In light of the above, the plaintiff's request for injunctive relief in her complaint, (Doc. 1), construed as an emergency request to prevent the August 3, 2018 Sheriff's sale of her property, is **DENIED**. The plaintiff's due process claims in her complaint, (Doc. 1), are **DISMISSED WITH PREJUDICE**. Also, the court will direct the plaintiff to file an amended complaint regarding only her Fourteenth Amendment equal protection claim and her First Amendment retaliation claim, on or before August 17, 2018, in accordance with this memorandum.

An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: July 31, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2018 MEMORANDA\18-1483-01.wpd