# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMY KUSH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-1483 |
| v. | : | (MANNION, D.J.) (ARBUCKLE, M.J.) |
| BAYVIEW LOAN SERVICING, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. BACKGROUND

On July 31, 2018, the court issued a memorandum and order, (Docs. 3 and 4), and denied plaintiff Amy Kush's request for immediate injunctive relief seeking to prevent the August 3, 2018 Sheriff's sale of her property. (Doc. 1). The court also dismissed with prejudice plaintiff's due process claims in her complaint since the court lacked jurisdiction over them. Further, the court directed the plaintiff to file an amended complaint regarding only her Fourteenth Amendment equal protection claim and her First Amendment retaliation claim, under 42 U.S.C. §1983, on or before August 17, 2018.

After being granted an extension of time, the plaintiff filed an amended complaint on September 20, 2018.[1] (Doc. 11). Thereafter, motions to dismiss plaintiff's amended complaint under Fed.R.Civ.P. 12(b)(6) were filed by

---

[1] The court construed plaintiff's August 1, 2018 "Complaint and Request for Injunction" as a motion for a temporary restraining order and a preliminary injunction. (Doc. 6).

defendants Wilkes-Barre Hospital Company, LLC, (Doc. 19), Bayview Loan Servicing, (Doc. 23), and the Diocese of Scranton, (Doc. 42).

On April 30, 2019, Judge Arbuckle issued three reports and recommendations regarding the motions to dismiss filed by Wilkes-Barre Hospital Company, LLC, ("WB Hospital"), (Doc. 54), Bayview Loan Servicing, ("BLS"), (Doc. 55), and by the Diocese of Scranton, (Doc. 56). Judge Arbuckle recommends that all three motions to dismiss be granted and that all of the claims against these defendants be dismissed without affording plaintiff further leave to amend her claims. On May 17, 2019, plaintiff filed joint objections to all three of Judge Arbuckle's reports. (Doc. 61). On May 31, 2019, WB Hospital filed a brief in opposition to plaintiff's objections. (Doc. 62). Also, on May 31, 2019, BLS filed a response to plaintiff's objections. (Doc. 63).

For the following reasons, the three reports and recommendation will be **ADOPTED** and, plaintiff's objections will be **OVERRULED**. The motions to dismiss filed by the three defendants will be **GRANTED**. This case will be **RECOMMITTED** to Judge Arbuckle for further proceedings against the remaining defendants.

## II. STANDARD OF REVIEW

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

**III. DISCUSSION**[2]

**1. WB Hospital**

In his first report, (Doc. 54), Judge Arbuckle recommends that the motion to dismiss plaintiff's amended complaint filed by defendant WB Hospital be granted and that all of the claims against it be dismissed with prejudice. Plaintiff raises a First Amendment retaliation claim against WB Hospital alleging that it conspired to have her involuntarily committed for 20 days in retaliation for a May 23, 2018 letter she wrote notifying the defendants of her rights and the defendants' violations of her rights.[3] Plaintiff also asserts a 14th Amendment equal protection claim against WB Hospital alleging that she is entitled to "insurance for mom (security for mom)(equal protections)" as a "much needed remedy to ages old discrimination against us by us."[4]

---

[2] Since the background of this case was stated in the court's July 31, 2018 Memorandum, (Doc. 3), as well as in Judge Arbuckle's instant reports, (Docs. 54-56), it shall not be repeated herein. Also, since Judge Arbuckle states that correct legal standard regarding a Rule 12(b)(6) motion in his reports, it shall not be repeated.

[3] Even if WB Hospital was a state actor, plaintiff fails to allege any facts to show that her involuntary commitment was casually connected to her May 2018 letter. In fact, there is no allegation that either WB Hospital or its employees were aware of plaintiff's letter. Thus, plaintiff fails to state a cognizable retaliation claim against WB Hospital. *See* Rauser v. Horn, 241 F.3d 330, 333–334 (3d Cir. 2001).

[4] Plaintiff fails to allege that she was treated differently from other similarly situated people and that there was purposeful discrimination against her. Therefore, plaintiff fails to state a cognizable equal protection claim against WB Hospital. *See* Bierley v. Grolumond, 174 Fed.Appx. 673, 676 (3d Cir. 2006).

Lastly, plaintiff alleges that WB Hospital is abusing children by giving them vaccinations and performing eighth day circumcisions.[5]

The constitutional claims under §1983 against WB Hospital will be dismissed since it is a private hospital and not a state agency acting under color of state law, and since plaintiff failed to sufficiently allege that the Hospital conspired with the Luzerne County Sheriff's Office. *See* Manning v. Ross, 2013 WL 4718916, *9 (M.D.Pa. Sept. 3, 2013); Brookhart v. Rohr, 385 Fed.Appx. 67 (3d Cir. 2010) ("Liability [under §1983] would attach if a private party conspired with a state actor,..., but the District Court properly concluded that the vague allegations of a conspiracy [ ] did not satisfy the plausibility standard of Rule 12(b)(6).") (citations omitted); Carver v. Plyer, 115 Fed.Appx. 532, 538 (3d Cir. 2004) (Third Circuit held that private hospital was not a state actor and did not conspire with police to detain plaintiff and force his treatment under the Pennsylvania Mental Health Procedures Act ("MHPA"), 50 P.S. §7301, *et seq.*, since hospital was not compelled under the MHPA to commit and treat plaintiff and its determination of whether treatment was necessary is discretionary).

---

[5]As Judge Arbuckle points out in his reports, to the extent plaintiff attempts to add new claims in her briefs in opposition,"[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." Heim v. York Cnty. Prison, 3:CV-10-1369, 2013 WL 1414638 (M.D. Pa. Apr. 8, 2013)(citing Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir.1988)).The court has thus not considered these additional allegations. Nor does the court consider any new claims plaintiff states in her objections.

Additionally, insofar as plaintiff alleges that WB Hospital violated her constitutional rights by having her involuntarily committed for 20 days, the law is clear that hospitals who exam and treat persons suspected of being "severely mentally disabled and in need of immediate treatment", pursuant to Sections 302 and 303 of the MHPA, are not state actors for purposes of a claim under §1983. *See* Eggleton v. Coli, 2017 WL 119668 (E.D.Pa. March 31, 2017) (court held that Pennsylvania Hospital which committed plaintiff for nine days pursuant to Section 302 of the MHPA was not a state actor); James v. City of Wilkes-Barre, 2011 WL 3584775, *10 (M.D.Pa. Aug. 15, 2011) (court stated that "authority in this circuit makes clear that a physician or other private actor who follows the involuntary commitment procedures outlined in Section 302 of the MHPA cannot be a state actor…") (citing Benn v. Universal Health Sys., 371 F.3d 165 (3d Cir. 2004); Carver, 115 Fed.Appx. at 538-39).

The court has considered plaintiff's objections and finds no merit to them.[6] Plaintiff cites to no court cases and fails to discuss the cases to which Judge Arbuckle cites in support of his findings. In fact, plaintiff's objections to

---

[6]To the extent plaintiff attempts to raise new claims regarding criminal violations in her briefs in opposition to defendants' motions and, to the extent she alleges in her objections that all of the defendants violated numerous federal criminal statutes for which she seeks federal criminal prosecution, the Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See* Conception v. Resnik, 143 Fed.Appx. 422, 425-26 (3d Cir. 2005) (citing U.S. v. Friedland, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.")).

all three of Judge Arbuckle's reports lack any coherent arguments as to how her amended complaint states any cognizable §1983 claims sufficient to overcome the defendants' motions to dismiss under Rule 12(b)(6).

The court also finds it would be futile to allow plaintiff further leave to amend her claims against WB Hospital. *See* Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004) ("Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility.").

Thus, WB Hospital's motion to dismiss, (Doc. 19), all of the plaintiff's claims against it in her amended complaint, (Doc. 11), will be granted, and these claims will be dismissed with prejudice.

### 2. BLS

In his second report, (Doc. 55), Judge Arbuckle recommends that the motion to dismiss plaintiff's amended complaint filed by defendant BLS be granted and that all of the claims against it be dismissed with prejudice. BLS commenced the mortgage foreclosure action against plaintiff in Luzerne County Court, which was addressed in the court's July 31, 2018 Memorandum denying plaintiff's request for injunctive relief to stop the Sheriff's sale of her property after BLS obtained a judgment against her. (Doc. 3). Plaintiff raises a First Amendment retaliation claim against BLS. Plaintiff also asserts a 14th Amendment equal protection claim against BLS alleging that "it engaged in an action of a sheriff sale on oppressed moms."

As the court explained in its July 31, 2018 Memorandum, it lacked jurisdiction over plaintiff's claims challenging the mortgage foreclosure judgment BLS obtained in the Luzerne County Court and over plaintiff's request for the court to enjoin the Sheriff's sale of her property. These findings of the court will not be revisited.

With respect to plaintiff's 14th Amendment equal protection claim alleging that BLS commenced foreclosure proceedings against her based on her gender and because she is a mom, Judge Arbuckle correctly concludes that this claim should be dismissed since BLS is not a state actor and, since plaintiff did not sufficiently allege that BLS engaged in any action attributable to the state. *See* Conway v. King Pharmaceuticals, Inc., 2008 WL 4128088, *1 (M.D.Pa.) (A private company is not an appropriate defendant in a §1983 civil rights action because it is not acting under color of state law.) (citations omitted); Jacobowitz v. M & T Mortgage Corporation, 372 Fed. Appx. at 227 (M & T Mortgage Corp. was not a state agency); Klein v. U.S., 2012 WL 928698, *16 (M.D.Pa. Feb. 13, 2012) (court dismissed defendant mortgage companies since plaintiff failed to properly allege that they were acting under color of state law with respect to the mortgage foreclosure action instituted against him in County Court).

Judge Arbuckle also properly finds that plaintiff fails to state a cognizable equal protection claim as there are no allegations that she was treated differently than similarly situated borrowers who defaulted on their mortgage loans with BLS. *See* Bierley v. Grolumond, 174 Fed.Appx. 673, 676

(3d Cir. 2006) ("To bring a successful equal protection claim under §1983, a plaintiff must prove the existence of purposeful discrimination, and demonstrate that he was treated differently from individuals similarly situated."). As BLS states in its response, (Doc. 63 at 2), "Plaintiff's Objection is a rambling, incoherent personal account of how Plaintiff believes she is a victim of gender inequality and oppression as a 'mom.'"

With respect to plaintiff's First Amendment retaliation claim against BLS, Judge Arbuckle finds that this claim should be dismissed since BLS is not a state actor and there are no allegations that it engaged in state action. The Judge also finds that plaintiff fails to state a cognizable retaliation claim as she does not allege any facts that BLS retaliated against her due to her engaging in any protected activity. *See* Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) (To prevail on a retaliation claim under 42 U.S.C. §1983, plaintiff must demonstrate (1) that she was engaged in constitutionally protected conduct; (2) that she suffered an adverse action by defendants "sufficient to deter a person of ordinary firmness from exercising h[er] constitutional rights"; and (3) that there is "a causal link between the exercise of his constitutional rights and the adverse action taken against h[er]."); Rauser v. Horn, 241 F.3d 330, 333–334 (3d Cir. 2001).

The court also finds it would be futile to allow plaintiff further leave to amend her claims against BLS. *See* Alston, 363 F.3d at 236.

Thus, BLS's motion to dismiss, (Doc. 23), all of the plaintiff's claims against it in her amended complaint, (Doc. 11), will be granted, and these

claims will be dismissed with prejudice.

### 3. Diocese of Scranton

Plaintiff alleges that even though her parents paid a lot of money for her to attend Catholic School for 9 years in the Diocese of Scranton, her education failed her since it did not enable her to communicate effectively with the Pennsylvania Superior Court which dismissed her appeal, seemingly related to the foreclosure judgment entered against her, and stated that "[it] couldn't find a lucid complaint." She states that even though she spoke in English, the court acted like she was speaking in Biblical tongues they did not recognize. Plaintiff also alleges that the Catholic School required her to get vaccinations which "is a crime called Hazing" and intended to reduce the population with a virus that has killed minors.

Despite being in clear violation of the pleading requirements under Fed.R.Civ.P. 8, plaintiff's claims against the Diocese are liberally construed as a 14th Amendment due process claim and equal protection claim, and a First Amendment retaliation claim. All of plaintiff's claims against the Diocese of Scranton will be dismissed since it is not a state actor or agent and it did not act under the color of state law. Nor is any of the alleged conduct by the Diocese of Scranton fairly attributable to the state.

Section 1983 does not bestow substantive rights, but instead creates a remedy for violation of a person's constitutional rights. Gonzaga Univ v. Does, 536 U.S. 273 (2002). As the Fifth Circuit Court of Appeals in

Blankenship v. Buenger, 653 Fed.Appx. 330, 334-35 (5th Cir. 2016), explained:

> "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law" and "[a]nyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under §1983." "'[M]ere private conduct, no matter how discriminatory or wrongful,' is excluded from §1983's reach." The Supreme Court has clarified that "[i]n cases under §1983, 'under color' of law has consistently been treated as the same thing as the 'state action' required under the Fourteenth Amendment."

(internal citations omitted).

Moreover, as Judge Arbuckle explains, the alleged conduct by the Diocese does not amount to a violation of plaintiff's constitutional rights.

Based on the above, the court finds it would be futile to allow plaintiff further leave to amend her claims against the Diocese of Scranton. *See* Alston, 363 F.3d at 236.

Thus, the Diocese of Scranton's motion to dismiss, (Doc. 42), all of the plaintiff's claims against it in her amended complaint, (Doc. 11), will be granted, and these claims will be dismissed with prejudice.

**IV. CONCLUSION**

For the above reasons, the reports of Judge Arbuckle, (Docs. 54, 55 & 56), are **ADOPTED IN THEIR ENTIRETIES**. Plaintiff's objections to the reports, (Doc. 61), are **OVERRULED**. WB Hospital's motion to dismiss, (Doc. 19), the claims against it in plaintiff's amended complaint, (Doc. 11), is

11

**GRANTED**, and all of the claims against WB Hospital are **DISMISSED WITH PREJUDICE**. BLS's motion to dismiss, (Doc. 23), the claims against it in plaintiff's amended complaint, (Doc. 11), is **GRANTED**, and all of the claims against BSL are **DISMISSED WITH PREJUDICE**. The Diocese of Scranton's motion to dismiss, (Doc. 42), the claims against it in plaintiff's amended complaint, (Doc. 11), is **GRANTED**, and all of the claims against the Diocese of Scranton are **DISMISSED WITH PREJUDICE**. A separate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 6, 2019**
18-1483-02.wpd