**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMY KUSH,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 3:18-1483** |
| **v.** | : | **(JUDGE MANNION)** |
| **BAYVIEW LOAN SERVICING,** *et al.,* | : | |
| | : | |
| **Defendants** | | |

## MEMORANDUM

## I.   BACKGROUND

On July 31, 2018, the court issued a memorandum and order, (Docs. 3 and 4), and denied plaintiff Amy Kush's request for immediate injunctive relief seeking to prevent the August 3, 2018 Sheriff's sale of her property. (Doc. 1). The court also dismissed with prejudice plaintiff's due process claims in her complaint since the court lacked jurisdiction over them. Further, the court directed the plaintiff to file an amended complaint regarding only her Fourteenth Amendment equal protection claim and her First Amendment retaliation claim, under 42 U.S.C. §1983, on or before August 17, 2018.

After being granted an extension of time, the plaintiff filed an amended complaint on September 20, 2018. (Doc. 11). Thereafter, motions to dismiss plaintiff's amended complaint under Fed.R.Civ.P. 12(b)(6) were filed by defendants Wilkes-Barre Hospital Company, LLC, (Doc. 19), Bayview Loan Servicing, (Doc. 23), and the Diocese of Scranton, (Doc. 42).

On April 17, 2019, Judge Arbuckle issued an Order directing the clerk

of court to re-issue the summons as to defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway and, directing plaintiff to serve these two defendants with her amended complaint by May 15, 2019, (Doc. 49), since there was no return of service filed regarding these two defendants. The Order also advised plaintiff that if she failed to timely serve the stated two defendants, it would result in a recommendation that these defendants be dismissed from this case.

On April 30, 2019, Judge Arbuckle issued three reports and recommendations recommending that the three motions to dismiss be granted and that all of the claims against defendants Wilkes-Barre Hospital Company, LLC, Bayview Loan Servicing, and the Diocese of Scranton be dismissed with prejudice. Plaintiff filed joint objections to all three of Judge Arbuckle's reports.

On May 3, 2019, plaintiff filed a motion for enlargement of time to serve defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway with her amended complaint, (Doc. 57), and on May 9, 2019, the court granted plaintiff's motion. (Doc. 59). Specifically, plaintiff was directed to serve defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway with her amended complaint by June 10, 2019. Plaintiff was also forewarned that her failure to timely serve these two defendants would result in the dismissal of these defendants from this case, pursuant to Fed.R.Civ.P. 4(m).

On June 6, 2019, the court issued a Memorandum and Order adopting Judge Arbuckle's reports and granting the motions to dismiss of defendants

Wilkes-Barre Hospital Company, LLC, Bayview Loan Servicing, and the Diocese of Scranton. The court also dismissed all of the claims against these three defendants with prejudice. (Docs. 65 & 66). The case was then recommitted to Judge Arbuckle for further proceedings against the two remaining defendants.

On June 19, 2019, Judge Arbuckle issued a report recommending that defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway be dismissed without prejudice, pursuant to Fed.R.Civ.P. 4(m), since plaintiff failed to timely serve them as directed by the court.

To date, plaintiff has not filed an objection to Judge Arbuckle's report and the time within which to do so has expired.

## II.    STANDARD

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72(b), advisory committee notes; *see also* *Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (2010) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every Report and Recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

## III.    DISCUSSION[1]

Rule 4(m) requires district courts to dismiss a pending action when a plaintiff fails to timely serve the opposing parties. The rule reads, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). In order for the court to dismiss the action on its own initiative, the plaintiff must have notice of the court's intent to dismiss "to allow the plaintiff to demonstrate good cause for its failure to comply with the rule's [90] day service requirement." *Liu v. Oriental Buffet*, 134 F.App'x 544, 546 (3d Cir. 2005). When notice is given and the plaintiff provides reasons for his failure to serve the defendant, the court may dismiss the case after considering: "the (1) reasonableness of plaintiff's efforts to serve the original complaint; (2) prejudice to the defendant by lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve the original complaint." *Spencer v. Steinman*, 968 F.Supp. 1011, 1015 (citing *MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)). "Even if a plaintiff fails to show good cause, the District Court must still consider whether any additional factors warrant a discretionary extension of

---

[1]Since the background of this case was stated in the court's July 31, 2018 Memorandum, (Doc. 3), as well as in Judge Arbuckle's recent reports, (Docs. 54-56), it shall not be repeated herein.

4

time." <u>Maltezos v. Giannakouros</u>, 522 Fed.Appx. 106, 108 (3d Cir. 2013) (citation omitted).

Here, the plaintiff was directed to serve defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway by June 10, 2019, and she was advised of the consequences if she failed to do so. The plaintiff failed to serve the stated two defendants and she has not demonstrated good cause for her failure to timely serve them. Nor has the plaintiff provided any reasonable basis for her noncompliance within the time specified by the court for serving the two defendants. Based on the previous extensions of time afforded plaintiff to serve defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway, as well as the previous warnings if she failed to serve them, the court finds that there are no additional factors in this case to warrant a discretionary extension of time. *See id.*

## IV.    CONCLUSION

The court has reviewed the recommended basis for dismissal of the plaintiff's amended complaint against defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway presented by Judge Arbuckle. Because the court agrees with the sound reasoning that led Judge Arbuckle to the conclusions in his report and finds no clear error on the face of the record, the court will **ADOPT** the report, (Doc. 67), **IN ITS ENTIRETY**. The plaintiff's amended complaint, (Doc 11), will be **DISMISSED WITHOUT PREJUDICE** as to defendants Luzerne County Sheriff and the Law Firm of

McCabe Weisburg & Conway. *See Ideen v. Straub*, 613 Fed.Appx. 117 (3d Cir. 2015). Further, since there are no defendants remaining in this case, the court will close this case. An appropriate order shall issue.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**


**Date: July 10, 2019**

18-1483-03.wpd