# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY KUSH, | : |
| Plaintiff | : CIVIL ACTION NO. 3:18-1483 |
| v. | : (JUDGE MANNION) |
| BAYVIEW LOAN SERVICING, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

## I. BACKGROUND[1]

On July 31, 2018, the court issued a Memorandum and Order, (Docs. 3 and 4), and denied *pro se* plaintiff Amy Kush's request for immediate injunctive relief seeking to prevent the August 3, 2018 Sheriff's sale of her property. (Doc. 1). The court also dismissed with prejudice plaintiff's due process claims in her complaint since the court lacked jurisdiction over them. Further, the court directed the plaintiff to file an amended complaint regarding only her Fourteenth Amendment equal protection claim and her First Amendment retaliation claim, under 42 U.S.C. §1983.

The plaintiff filed an amended complaint on September 20, 2018. (Doc. 11). Thereafter, motions to dismiss plaintiff's amended complaint under Fed.R.Civ.P. 12(b)(6) were filed by defendants Wilkes-Barre Hospital

---

[1]Since the background of this case was stated in the court's July 31, 2018 Memorandum, (Doc. 3), June 9, 2019 Memorandum, (Doc. 65), and July 10, 2019 Memorandum, (Doc. 68), as well as in Judge Arbuckle's recent reports, (Docs. 54-56), it shall not be fully repeated herein.

Company, LLC, (Doc. 19), Bayview Loan Servicing, (Doc. 23), and the Diocese of Scranton, (Doc. 42).

On April 30, 2019, Judge Arbuckle issued three reports and recommendations regarding the motions to dismiss filed by Wilkes-Barre Hospital Company, LLC, ("WB Hospital"), (Doc. 54), Bayview Loan Servicing, ("BLS"), (Doc. 55), and by the Diocese of Scranton, (Doc. 56). Judge Arbuckle recommended that all three motions to dismiss be granted and, that all of the claims against these defendants be dismissed without affording plaintiff further leave to amend her claims.

On June 6, 2019, the court adopted the three reports of Judge Arbuckle. The court granted WB Hospital's motion to dismiss, (Doc. 19), the claims against it in plaintiff's amended complaint, (Doc. 11), granted BLS's motion to dismiss, (Doc. 23), the claims against it, and granted the Diocese of Scranton's motion to dismiss, (Doc. 42), the claims against it. The court also dismissed these three defendants with prejudice.

On June 19, 2019, Judge Arbuckle issued a report recommending that defendants Luzerne County Sheriff and the Law Firm of McCabe Weisburg & Conway be dismissed without prejudice, pursuant to Fed.R.Civ.P. 4(m), since plaintiff failed to timely serve them as directed by the court.

On July 10, 2019, the court issued a Memorandum and Order and dismissed the stated two remaining defendants and, closed the case. (Docs. 68 & 69).

On August 7, 2019, plaintiff Kush filed a motion to open judgment

combined with a so-called "Renewed Motion for TRO and Preliminary Injunctive Relief." (Doc. 70). Plaintiff attached exhibits to her motion.

Based on the following, plaintiff's motion to open judgment will be **DENIED**. Plaintiff's "Renewed Motion for TRO and Preliminary Injunctive Relief" will be **DENIED AS MOOT**.

**II.     DISCUSSION**

Although plaintiff does not reference under which Rule her motion is filed, it will be construed as a motion for relief from judgment under [Fed.R.Civ.P. 60(b)](). Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on one or more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or discharged; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

In considering a Rule 60(b) motion, "any time a [ ] court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the

3

judgment on the grounds specified in the rule." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993) (alterations and internal quotation marks omitted). A motion brought under Fed.R.Civ.P. 60(b) "is directed to the sound discretion of the trial court." Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).

"The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (alterations and internal quotations marks omitted). Relief pursuant to Rule 60(b) is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). *See also* Curran v. Howmedica Osteonics, 425 Fed.Appx. 164, 166 (3d Cir. 2011) (The Third Circuit has held that "[b]ecause parties have a strong interest in the finality of judgments, '[t]his Court has ... cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances.'") (citation omitted). "One who seeks such extraordinary relief . . . bears a heavy burden." Plisco v. Union R.R. Co., 379 F.2d 15, 17 (3d Cir. 1967).

In her motion, plaintiff states:

At no time did the court address the core issue in [her amended complaint] that she was being deprived of her property without due process of law having never had any hearings prior to the judgment of foreclosure, and now with possession being sought by forceful threats eviction scheduled for August 21, 2019. Further, at no time did the court nor any defendant's (sic) address

4

the issue in [her] complaint about her being deprived of her (health) life with vaccination and harmful drugs (which works as intended to reduce population) coercefully solicited by [WB Hospital].

Contrary to plaintiff's allegations, the court did indeed address the foreclose of her property when it issued its July 31, 2018 Memorandum and Order denying her request for immediate injunctive relief seeking to prevent the August 3, 2018 Sheriff's sale of her property.

Moreover, to the extent plaintiff Kush now seeks this court to enjoin her August 21, 2019 eviction from her house, she has adequate state court remedies available to her to challenge her eviction scheduled for August 21, 2019. Further, the Anti-Injunction Act, 28 U.S.C. §2283, also applies and precludes the court from granting injunctive relief in this case.

Recently, in Reisinger v. Cronauer, 2019 WL 3302242 (M.D.Pa. July 23, 2019), this court denied the plaintiff's motion for an emergency preliminary injunction seeking the court to enjoin defendants from evicting him and taking physical possession of his house after they purchased his property at a tax sale. The court found that plaintiff did not show a likelihood of success on the merits since "he has adequate state court remedies to challenge [the state court's] ejectment Order and Order allowing [defendant] to take possession of his house on July 22, 2019." *Id*. at *3. The court also found that it lacked authority to grant the relief that plaintiff Reisinger requested with respect to his injunction motion preventing his July 22, 2019 ejectment from his house under the Anti-Injunction Act. *Id*. at *4.

5

Thus, the court finds that none of the limited set of circumstances which allow plaintiff to request reopening of her case under Rule 60(b) are present.

## III. CONCLUSION

The plaintiff's motion to open judgment, (Doc. 70), will be **DENIED**. Since the court is not reopening this case, the plaintiff's "Renewed Motion for TRO and Preliminary Injunctive Relief" will be **DENIED AS MOOT**. Further, this case will remain closed. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 13, 2019**
18-1483-04.wpd